**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 15-1626
_____

ALPESH BHIKHABHAI PATEL,
Petitioner

v.

ATTORNEY GENERAL UNITED STATES OF AMERICA,
Respondent
_____

On Petition for Review from the Board of Immigration Appeals
BIA-1 No. A200-688-488
Immigration Judge: Steven A. Morley

Submitted Pursuant to Third Circuit L.A.R. 34.1(a)
October 5, 2015

Before: FUENTES, SMITH, and NYGAARD, *Circuit Judges*

(Filed: November 3, 2015)
_____

OPINION[*]
_____

SMITH, *Circuit Judge*.

Alpesh Patel is a native and citizen of India.  After he was served with a notice to

appear charging him with being removable as an alien present in the United States

_____
[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

without being admitted or paroled, *see* 8 U.S.C. § 1182(a)(6)(A)(i), Patel admitted the charge and filed an application for cancellation of removal under 8 U.S.C. § 1229b(b)(1). The Immigration Judge (IJ) denied Patel's application, concluding that Patel failed to establish that his "removal would result in [an] exceptional and extremely unusual hardship" to his son Taj, who is a citizen of the United States. 8 U.S.C. § 1229b(b)(1)(D). The BIA dismissed Patel's appeal.

This timely petition for review followed. The government seeks to dismiss, asserting that we lack jurisdiction under 8 U.S.C. § 1252(a)(2)(B)(i), which divests the courts of appeals of jurisdiction over certain denials of discretionary relief. In *Mendez-Moranchel v. Ashcroft*, 338 F.3d 176, 179 (3d Cir. 2003), we held that this statutory provision "strips us of jurisdiction to review certain discretionary decisions" and that "whether an alien meets the hardship requirement in 8 U.S.C. § 1229b is such a discretionary judgment." *Id.* Accordingly, we lack jurisdiction to review the "hardship" determination by the IJ.

Patel asserts, however, that the IJ committed legal error in denying the application by "completely disregard[ing] the credible testimony of a forensic psychologist," and substituting his own personal opinion. Appellant's Br. at 6. We have jurisdiction under 8 U.S.C. § 1252(a)(2)(D) to review whether the IJ applied the proper legal standards in resolving Patel's application for cancellation of removal. *See Pareja v. Attorney General*, 615 F.3d 180, 188 (3d Cir. 2010). Nonetheless, there is no merit to Patel's

2

argument, which is belied by the record. The IJ's written decision fully recounted the substance of the psychologist's testimony, demonstrating that the IJ was well aware of the psychologist's opinion. Instead of substituting his opinion, as Patel advances, the IJ set out three reasons, supported by the record, for refusing to accord the psychologist's opinion controlling weight. Because the IJ scrutinized the psychologist's opinion and explained why he discounted it, we reject Patel's assertion that the IJ committed a legal error requiring remand. Accordingly, we will deny Patel's petition for review.